# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY JACKSON, | : | Civil No. 1:12-CV-2372 |
| Plaintiff, | : | |
| v. | : | (Judge Jones) |
| GLAXOSMITHKLINE, LLC., | : | (Magistrate Judge Carlson) |
| Defendant. | : | |

## **MEMORANDUM AND ORDER**

The background of this order is as follows:

The plaintiff, acting *pro se*, commenced this action by a complaint in state court, which was removed to federal court by the defendant. (Doc. 1.) The defendant then moved to dismiss this complaint. (Doc. 3.) The *pro se* plaintiff has not filed a motion seeking leave to amend his complaint in order to endeavor to comply with federal pleading standards. (Doc. 13.)

We will GRANT this motion for leave to amend (Doc. 13.), since such motions are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which strongly favors amendment of pleadings. Rule 15(a), F.R. Civ. P. In granting this request we also recognize that *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, see Fletcher-Hardee Corp.

1

v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

The plaintiff shall, therefore, file an amended complaint on or before **July 30, 2013**. However, we instruct the plaintiff that this "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). See e.g., Biggins v. Danberg, No. 10-732, 2012 WL 37132 (D.Del. Jan. 6, 2012); Quirindongo v. Federal Bureau of Prisons, No. 10-1742, 2011 WL 2456624 (M.D. Pa. June 16, 2011). Therefore, in amending this complaint, the plaintiff's amended complaint must:

1. Recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.

2. Contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains.

3. This complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

4. The complaint should set forth plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs. It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.

5. The Court further places the plaintiff on notice that failure to comply with this direction may result in the dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

We believe that this development has substantive significance for the parties since, as a matter of law, an amended complaint takes the place of the original complaint, effectively invalidating the original complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no

legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is interposed, the original pleading no longer performs any function in the case…."). Since the complaint in this case will be amended, the original complaint will be a nullity, and any motion to dismiss challenging a count contained in that original complaint will be moot. Therefore, we will DISMISS the pending motion to dismiss the plaintiff's first complaint (Doc. 3.) as moot, but without prejudice to the defendants renewing this motion as to any amended complaint.

SO ORDERED, this 2d day of July 2013.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge