# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY JACKSON, | : | 1:12-cv-2372 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| GLAXOSMITHKLINE, LLC, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

## September 25, 2013

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Before the Court is the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (Doc. 19) filed on August 27, 2013 recommending that the Defendant's Motion to Dismiss be granted and that this action be dismissed pursuant to Fed. R. Civ. P. 41(b) due to Plaintiff's failure to prosecute. Objections to the R&R were due by September 13, 2013, and to date none have been filed. Accordingly, this matter is ripe for our review. For the reasons that follow, we shall adopt the R&R in its entirety.

1

# I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

# II. DISCUSSION

This action was removed to this Court on November 27, 2012 by the Defendant GlaxoSmithKline. (Doc. 1). *Pro se* Plaintiff Leroy Jackson's ("Plaintiff" or "Jackson") complaint was a spare, two-page document which generally alleged that the Defendant had violated the Food and Drug Act by

misbranding its diabetes and depression medications, Avandia and Paxil. On the basis of this summary assertion, Jackson sought damages totaling $400,000 from the Defendant.

Jackson moved to amend his complaint, which was granted. However, Jackson did not timely amend his complaint. The Defendant then moved to dismiss Jackson's original complaint on August 7, 2013 (Docs. 15 and 16), arguing that Plaintiff's initial complaint failed to state a claim upon which relief could be granted. We ordered Plaintiff to file a response to the Defendant's motion, however Plaintiff again failed to file a submission with the Court. Thus, the Magistrate Judge considered the Defendant's Motion to Dismiss be ripe and reviewed the same within the instant R&R.

As noted above, the Magistrate Judge recommends that the Defendant's unopposed Motion to Dismiss be granted. We agree. The Magistrate Judge further recommends that the case be dismissed pursuant to the tenets of Fed. R. Civ. P. 41(b) because Plaintiff has utterly abandoned the prosecution of this lawsuit and refuses to comply with this Court's Orders.

As we have already mentioned, Plaintiff has not filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind

towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate order shall issue.